IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-153-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| AUSTIN KYLE LEE, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on Defendant's counsel's renewed motion to withdraw [DE-48], motion to seal [DE-49], amended motion to withdraw [DE-51], motion to seal [DE-52], and motion to continue arraignment and extend the time to file pretrial motions [DE-53]. For the reasons stated below, Defendant's counsel's renewed motion to withdraw [DE-48], amended motion to withdraw [DE-51], and motion to continue arraignment and extend the time to file pretrial motions [DE-53] are allowed and the motions to seal [DE-49, -52] are denied.

## I. BACKGROUND

On October 3, 2018, a grand jury returned a seven-count indictment against Defendant charging him with conspiracy to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana and five kilograms or more of cocaine (Count One); distribution of a quantity of heroin (Counts Two through Four); possession with the intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana and a quantity of cocaine (Count Five); possession of a firearm in furtherance of a drug trafficking crime (Count Six); and possession of firearms by a convicted felon (Count Seven). [DE-1]. On October 9, 2018, the court appointed the Federal Public Defender to represent Defendant [DE-8], and on November

28, 2018, counsel moved to withdraw due to a conflict of interest [DE-19], which the court allowed and directed the appointment of new counsel [DE-21].

On December 3, 2018, substitute counsel entered an appearance on behalf of Defendant. [DE-22]. On January 2, 2019, the court received a letter from Defendant indicating he had not had any communications with his attorney. [DE-23]. On January 17, 2019, counsel moved to withdraw due to a conflict of interest [DE-24], which the court allowed and directed new counsel be appointed [DE-25].

On January 22, 2019, Defendant's current counsel, Mr. Paramore, entered an appearance on Defendant's behalf. [DE-26]. Defendant's arraignment was subsequently continued to the court's April 16, 2019 term. [DE-30, -31]. On January 30, 2019, Defendant filed a motion to proceed *pro se*, a motion for declaratory judgment, and a motion to suppress. [DE-32 through -34]. On February 14, 2019, after Mr. Paramore conferred with Defendant, he filed a notice to abandon Defendant's *pro se* motions and indicated Defendant did not wish to proceed *pro se*. [DE-36]. However, on March 8, 2019, Defendant filed *pro se* a motion for return of property and a motion to dismiss [DE-38, -39], which the court dismissed because Defendant was represented by counsel. [DE-40]. Defendant's arraignment was continued to the court's May 14, 2019 term. [DE-42].

On March 29, 2019, Mr. Paramore moved to withdraw as counsel [DE-44], and Defendant filed a response in opposition [DE-45]. The court held a hearing, denied the motion to withdraw, and continued the arraignment to the court's June 4, 2019 term. [DE-47].

On May 1, 2019, Mr. Paramore filed the instant motion to withdraw and motion to seal. [DE-48, -49]. That same day the court received a letter from Defendant regarding his speedy trial rights and legal representation. [DE-50]. On May 7, 2019, counsel filed the instant amended

2

motion to withdraw [DE-51], motion to seal [DE-52], and motion to continue arraignment [DE-53].

## II. DISCUSSION

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant ... can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

In the May 1 motion to withdraw, counsel indicated he and his client "have reached an irreparable impasse in counsel's continued representation of the defendant; in forty-two years of practice, counsel has never seen or experienced an impasse where the defendant is so firmly entrenched and invested." [DE-48] at 1. Counsel indicated that due to the impasse he could no longer provide effective assistance in compliance with the Sixth Amendment and the North Carolina Rules of Professional Conduct. *Id.* at 2. In the May 7 amended motion, counsel indicated that he received a letter from Defendant on May 6 and that Defendant agreed that one option was for counsel to withdraw and "in effect" consented to the withdrawal. [DE-51] at 3. The amended motion also indicated the Government has no objection to the motion. *Id.* The court finds that the conflict between Defendant and his counsel has resulted in a total lack of communication and that counsel can no longer provide an adequate defense given the broken relationship. Accordingly,

3

the motions to withdraw [DE-48, -51] are allowed and the Federal Public Defender shall appoint new counsel without delay.

The motions to seal indicate that the motions to withdraw contain confidential information. [DE-49, -52]. However, the motions to withdraw did not allege the specifics of the impasse or other communications of the defendant to counsel. The court finds nothing confidential in the motions to withdraw, and the motions to seal are denied.

Finally, for good cause shown, the unopposed motion to extend deadlines and continue the June 5, 2019 arraignment is allowed. New counsel will require additional time to review discovery, to prepare any pretrial motions, and to provide a constitutionally adequate defense. Accordingly, Defendant's arraignment is continued to **July 11, 2019** in New Bern, North Carolina, motions are due **June 18, 2019**, and responses are due by **July 2, 2019**. The court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and defendant in a speedy trial. It is therefore ordered further that the period of delay necessitated by this continuance is excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

### III. CONCLUSION

For the foregoing reasons, Defendant's counsel's renewed motion to withdraw [DE-48], amended motion to withdraw [DE-51], and motion to continue arraignment and extend the time to file pretrial motions [DE-53] are ALLOWED and the motions to seal [DE-49, -52] are DENIED.

SO ORDERED, this the 7th day of May, 2019.

Robert B. Jones, Jr.
United States Magistrate Judge