IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-00153-FL-1

**United States of America**,

v.

**Austin Kyle Lee**,

        Defendant.

**Order**

In October 2018, a federal grand jury indicted Defendant Austin Kyle Lee on several gun and drug-related charges. In anticipation of trial, Lee has filed motions seeking the disclosure of more documents and information, as well as asking the court to enter an order sequestering witnesses at trial. The court will grant Lee's requests in part and deny them in part.

### I.    Motion to Sequester Witnesses

Lee seeks to exclude all of the Government's witnesses from the courtroom during trial. The Government does not oppose the sequestration of its witnesses, but requests that the court sequester Lee's witnesses as well.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. But the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). The court thus grants Lee's Motion for Sequestration (D.E. 64) and orders that all witnesses that may be called by Lee and the Government, other than the defendant and a case agent designated by the Government, are barred from the courtroom during trial. The Government must designate its case agent no later than the start of trial.

## II. Motion for Production of Rule 404(b) Evidence

Lee seeks an order requiring the Government to give notice promptly of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. D.E. 59. But under Rule 404(b)(2), a defendant is only entitled to receive "reasonable notice of the general nature of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial…." Fed. R. Evid. 404(b)(2)(A). The Government contends that it will comply with the Rule's requirement to provide reasonable notice. D.E. 67.

The court grants Lee's request for disclosure of Rule 404(b) information (D.E. 59) in part and denies it in part. The Government must notify Lee of the general nature of any Rule 404(b) evidence it intends to offer at trial no later than seven days before the scheduled trial date.

## III. Motion for Production of *Brady* Materials

Lee seeks information that he claims he is entitled to under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny. D.E. 60. Under *Brady*, the Government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States* v. *Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The Government must produce this evidence "in time for its effective use at trial." *United States* v. *Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States* v. *Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009).

The Government acknowledges its obligations to provide *Brady* materials in a timely manner. D.E. 67 at 3–4. And the Government represented to the court that it has already produced over 635 pages of materials and video evidence to Lee. *Id.* It maintains that it will produce additional relevant documents as this matter moves forward; and will produce criminal histories,

plea agreements, promises of consideration, and inconsistent statements, if any, "in time to put the information to effective use at trial." *Id.* at 4.

Given the Government's actions to date and its representations to the court, "[t]he court credits the government's assertion that it will disclose all exculpatory and impeachment evidence in time for its effective use at trial," *United States* v. *Howard*, No. 5:12–CR–9–D, 2012 WL 2525625, at *3 (E.D.N.C. June 29, 2012) (citing *Smith Grading*, 760 F.2d at 532). Thus, the motion seeking early disclosure of *Brady* materials (D.E. 60) is granted in part and denied in part. The Government must produce *Brady* materials on a prompt, ongoing basis and must disclose all *Brady* materials no later than seven days before the scheduled trial date.

### IV. Motion for Production of *Jencks* Materials

Lee requests that the court order the Government disclose to witness statements covered by the *Jencks* Act, 18 U.S.C. § 3500, before trial or, at the latest, after the Government's witnesses have completed their testimony. (D.E. 61). But the *Jencks* Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Fourth Circuit Court of Appeals has explained that because of the statute's language, a "district court may not require the government to produce *Jencks* Act material relating to one of its witnesses until after the witness has testified." *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994).

Although a district court may not require early disclosure of *Jencks* material, the Government may voluntarily disclose the requested documents and information before trial. *Id.* Here, the Government has represented that it will disclose *Jencks* material "in time for its effective

3

use at trial." D.E. 67 at 5. Given the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Lee's motion for early disclosure of *Jencks* Act materials (D.E. 61) is denied.

V.      **Motion for Early Production of Grand Jury Testimony**

Lee, over the Government's objection, asks the court to order the Government to turn over the transcripts of all the grand jury testimony taken in this matter, no matter if the witness will testify at trial. He claims that he needs to assess the credibility of each person who testified before the grand jury because the "credibility of any such witness may be crucial to [Lee's] defense." D.E. 62 at 4. He also claims that grand jury testimony "could be used to impeach a conspirator's testimony." *Id.* at 5.

The Supreme Court has explained that there is "a long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States* v. *Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958). Although federal courts may authorize the disclosure of grand jury proceedings in some cases, Fed. R. Cr. P. 6(e)(3)(E), they must "require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States* v. *Sells Eng'g Inc.*, 463 U.S. 318, 442–43 (1983).

The Fourth Circuit has explained that "the mere possibility that [a witness's] testimony before a grand jury differed from his testimony at trial, would be insufficient reason to pierce the veil of secrecy which protects the proceedings of " the grand jury. *United States* v. *Chase*, 372 F.2d 453, 466 (4th Cir. 1967). Lee's argument falls squarely within the Fourth Circuit's holding in *Chase*. Thus, the court finds that the mere potential that a witness's grand jury testimony could provide grounds to impeach him at trial is an insufficient basis to require production of the transcripts for all the witnesses who appeared before the Grand Jury. Chase's motion (D.E. 62) is denied.

## VI. Motion for Disclosure of Credibility-Related Agreements

Lee requests that the court require the Government to immediately inform him of the existence and terms of any agreements for "immunity, leniency[,] or preferential treatment" between the Government and any witnesses it intends to call at trial. D.E. 63. The Government recognizes its duty to produce this type of information, but opposes a requirement that it do so immediately. D.E. 67 at 6 (citing *Giglio* v. *United States*, 405 U.S. 150 (1972); *United States* v. *Joseph*, 533 F.2d 282 (5th Cir. 1976); *United States* v. *Feloa*, 651 F. Supp. 1068 (S.D.N.Y. 1987)). The court will grant Lee's motion (D.E. 63) in part and deny it in part. The Government must provide Lee with the information sought in his motion no later than 7 days before the scheduled trial date.

SO ORDERED.

Dated: July 3, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge