IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-153-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AUSTIN KYLE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant Austin Kyle Lee's pro se motion to appoint new counsel, for release from custody, and to dismiss. [DE-66]. Pursuant to the court's March 11, 2019 order, Lee was notified that "a pro se motion submitted by a defendant who has counsel and entered on the docket by the clerk's office will be terminated as a pending motion by the clerk's office without further order from the court." [DE-40]. Accordingly, the court only addresses Lee's request to appoint new counsel. For the reasons that follow, the motion is denied.

On October 3, 2018, a grand jury returned a seven-count indictment against Lee charging him with conspiracy to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana and five kilograms or more of cocaine (Count One); distribution of a quantity of heroin (Counts Two through Four); possession with the intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana and a quantity of cocaine (Count Five); possession of a firearm in furtherance of a drug trafficking crime (Count Six); and possession of firearms by a convicted felon (Count Seven). [DE-1]. On October 9, the court appointed the Federal Public Defender to represent Lee [DE-8], and on November 28,

counsel moved to withdraw due to a conflict of interest [DE-19], which the court allowed and directed the appointment of new counsel [DE-21].

On December 3, substitute counsel entered an appearance on behalf of Defendant. [DE-22]. On January 2, 2019, the court received a letter from Defendant indicating he had not had any communications with his attorney. [DE-23]. On January 17, counsel moved to withdraw due to a conflict of interest [DE-24], which the court allowed and directed new counsel be appointed [DE-25].

On January 22, new counsel entered an appearance on Lee's behalf. [DE-26]. Lee's arraignment was subsequently continued to the court's April 16 term. [DE-30, -31]. On January 30, Lee filed a motion to proceed pro se, a motion for declaratory judgment, and a motion to suppress. [DE-32 through -34]. On February 14, counsel filed a notice to abandon Lee's pro se motions and indicated Lee did not wish to proceed pro se. [DE-36]. However, on March 8, Lee filed pro se a motion for return of property and a motion to dismiss [DE-38, -39], which the court dismissed because Lee was represented by counsel. [DE-40]. Lee's arraignment was continued to the court's May 14 term. [DE-42]. On March 29, counsel moved to withdraw [DE-44], and Lee filed a response in opposition [DE-45]. The court held a hearing, denied the motion to withdraw, and continued the arraignment to the court's June 4 term. [DE-47].

On May 1, counsel filed a motion to withdraw [DE-48], and the court received a letter from Lee regarding his speedy trial rights and legal representation [DE-50]. On May 7, counsel filed an amended motion to withdraw. [DE-51]. The court found that the conflict between Lee and his counsel had resulted in a total lack of communication and that counsel could no longer provide an adequate defense given the broken relationship, appointed new counsel, and continued the arraignment to the court's July 11 term. [DE-54].

On May 9, current counsel entered an appearance on behalf of Lee [DE-55] and filed a request for discovery [DE-56]. On May 21, the court received a pro se motion from Lee to appoint new counsel [DE-57], which was withdrawn by counsel on May 31 [DE-58]. On June 12, counsel filed, on Lee's behalf, several pretrial discovery motions. [DE-59 through -64]. On June 14, the court received a letter from Lee indicating counsel was refusing to file pretrial motions and asking the court to extend the pretrial motions deadline and to appoint new counsel. [DE-65]. On June 17, the court received the instant pro se motion from Lee seeking, in relevant part, appointment of new counsel. [DE-66]. On July 2, counsel filed a motion for psychiatric examination of Lee [DE-68], which the court allowed [DE-70], and Lee was found competent to proceed, which is the subject of another order.

The court held a hearing on Lee's request for new counsel on October 17, and heard from defense counsel, counsel for the Government, and Lee. It became apparent that Lee disagreed with his counsel's failure to file a motion for return of property and a motion to suppress based on what Lee believed to be violations of his Constitutional rights during a warrantless search. Counsel explained that he had filed all pretrial motions he believed were warranted and had advised Lee that continuing to file pro se motions, after the court had admonished him not to do so, could be detrimental to his case at sentencing. Counsel indicated that Claimant's low IQ and diagnosed narcissism made communications difficult but that their interactions were civil. However, counsel believed those challenges would be present with any other attorney and that he could continue to effectively represent Lee. Counsel also explained that he did not intend to file further motions, he had an offer from the Government to communicate to Lee pending outcome of the competency evaluation and motion for new counsel, and he would provide advice and follow Lee's decision regarding how to plead and whether to go to trial. The Government indicated it opposed the motion

for new counsel because there did not appear to be a total breakdown in attorney-client communications, counsel was active in the case, and it did not believe appointing new counsel would address the issues underlying Lee's desire for new counsel.

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

The court is not convinced that the attorney-client relationship is irreparably broken such that defense counsel can no longer provide an adequate defense for his client, and Lee's reasons for requesting new counsel do not warrant relief. Counsel appears to have acted diligently on Lee's behalf to effectively represent him in this case by communicating with Lee, requesting discovery, filing pretrial motions, and engaging with the Government in plea negotiations. Furthermore, Lee appears to misapprehend the role of counsel. Lee is not entitled to direct all aspects of his case. Certain decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and *what pre-trial motions should be filed*'" may be made by counsel without a criminal defendant's consent. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (emphasis added) (quoting United States v. Teague, 953 F.2d at 1525, 1531 (11th Cir. 1992) (en banc)). Therefore, counsel's considered decision not to file a motion for return of property or motion to suppress fails

to demonstrate good cause for the appointment of new counsel. Finally, the court finds that appointment of new counsel would not remedy Lee's concerns where he seeks to exercise discretion over motion filing that is committed to counsel and not the client. Accordingly, the motion for appointment of new counsel is denied, and arraignment is set for **November 8, 2019 at 9:30 a.m. in Wilmington, North Carolina**.

SO ORDERED, this the 21 day of October, 2019.

Robert B. Jones, Jr.
United States Magistrate Judge

5