IN the United States District Court

Eastern District of North Carolina

Southern Division

No. 7:18-CR-00153-F1

FILED

JAN 1 9 2021

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

United States of America

V.

Austin Kyle Lee

Motion to Suppress Evidence

Pursuant to Franks V. Delaware,
438 U.S. 154, (1978)

---

Now comes the Defendant, Austin Kyle Lee, who moves this court Pursuant to the Fourth Amendment to the United States Constitution and Franks V. Delaware, 438 U.S. 154 (1978), for an order suppressing evidence obtained as a result of knowingly and intentionally false statements included by law enforcement affiants in three identical in information search warrant affidavits and omitted material facts with the intent to make the affidavits misleading. With the affidavits false statements redacted and the omitted information considered the 113 Ridgeview drive, 109 Ridgeview drive, and Electronic Tracking Device affidavits remaining content is insufficient to establish Probable cause therefore the search warrants must be voided. All statements made thereafter constitute fruits of the Poisonous tree and must also be excluded.

## Statement of the case

Defendant is charged with conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana, and five kilograms or more of cocaine; three counts of distribution of a quantity of heroin; one count of possession with the intent to distribute 100 grams or more of a mixture containing a

detectable amount of heroin, a quantity of marijuana, and a quantity of cocaine; one count of possession of firearms in furtherance of a drug trafficking crime; and one count of possession of firearms by a convicted felon. In support of this motion defendant shows the court as follows.

## Statement of Facts

On December 29, 2017, Sgt. A. Barrera of the Onslow County Sheriffs office submitted an application for installation and monitoring of a GPS electronic tracking device onto a Black Lexus LS430 bearing North Carolina License Tag "EDR-3358". Exhibit 1 - Affidavit of Sgt. A. Barrera, The GPS Application. (135-142) The GPS application was granted the same day, approving GPS monitoring of the described vehicle for a period of sixty days. Exhibit 2 - Order granting GPS Application. (143-145).

On February 2, 2018 Detective Hernandez presented Magistrate Judge Kathy S. Patton with an application for search warrant for 109 Ridgeview drive Jacksonville N.C, and an identical application for search warrant for 113 Ridgeview drive. Exhibit 3 - Affidavit of Detective Hernandez, the search applications. At 3:53 PM Kathy S. Patton issued both search warrants. Law enforcement executed a search of 109 Ridgeview drive at 4:39 PM allegedly recovering over 100 grams of heroin, over 300 grams of cocaine, marijuana, three handguns, over 200,000.00 in U.S currency digital scales, and a lease agreement. The search of 113 Ridgeview Drive revealed some identifying information, allegedly a small amount of suspected crack cocaine and drug paraphernalia.

On March 5, 2020, defendant through counsel filed a motion to suppress evidence in reference to the 109 and 113 Ridgeview drive search warrants. Following briefing on the motion this court held evidentiary hearing on May 5, 2020, ultimately concluding that law enforcements entry into 109 and 113 Ridgeview Drive without

Search warrants violated the Fourth Amendment. However, the evidence inevitably would have been discovered by lawful means and therefore received in evidence. SEE: Docket Entry 124. Counsel did not request a Franks hearing to challenge the veracity of statements made in the affidavits supporting the search warrants. The government made available to defendant the GPS tracking device discovery material on May 5, 2020.

## ARGUMENT

Defendant requests that the court void the referenced search warrants and exclude the evidence seized in result thereof because numerous false statements knowingly and intentionally or with reckless disregard for the truth are included by the affiants in the warrant affidavits and the affiants omitted material facts with the intent to make the affidavits misleading and the false statements and omitted information was necessary to the finding of probable cause. There are 6 different paragraphs included the GPS tracking device affidavit identical in information to the 109 and 113 Ridgeview drive search warrant affidavit and 8 paragraphs in the 109 and 113 Ridgeview drive search warrant affidavit which are the basis of defendants argument. With the false statements set to one side and the omitted information considered, there remains insufficient content in the warrant affidavits to support a finding of probable cause thus violating defendants rights guaranteed by the Fourth Amendment to the United States constitution under Franks V. Delaware. Defendant addresses each paragraph in turn.

In Franks V. Delaware, 438 U.S. 154 (1978), the Supreme court held that when a criminal defendant makes a substantial preliminary showing that a warrant affidavit includes a false statement that was knowingly or intentionally made or made with a reckless disregard for the truth, and the allegedly false statement is necessary to the probable cause finding, the defendant is entitled to a hearing.

Franks, 438 u.s. at 155-56. Omissions from an affidavit result in a Fourth Amendment violation "only where affiants omitted material facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading" United States v. Lull, 824 F.3d 109, 115 (4th cir. 2016)

In relevant part the affidavits show as follows: Exhibit 3 - Affidavit of Detective Hernandez - the search applications - Page # 243 / 16. "On April 20th, 2016, the Onslow County Sheriffs office Drug Enforcement unit Conducted a search warrant at ... Jacksonville, N.C. During the execution of the search warrant the offenders cell phone was continuously ringing. Detectives questioned on who was calling him. Offender explained to detectives it was his drug dealer calling him and that he was expecting his drug dealer to arrive at his residence with cocaine. When questioned about who his drug dealer was, he told detectives his drug dealer was a light skinned black male who was currently on probation from New York or one of the states up north and knew of where his drug dealer lived. Using Google Maps he showed detectives the address of 113 Ridge View Road, Jacksonville, N.C. The drug dealer did not show up at the residence."

First, the above information reported is a false statement made with a reckless disregard for the truth. Exhibit 1 - Affidavit of Sgt. A. Barrera, the GPS application - Page #137 Paragraph 2 reports this search occurred on March 24th, 2016, and not April 20th, 2016 as reported in the search applications.

Next, the search application, and GPS application contain no information concerning the informants reliability. A material omission with the intent to make the affidavits misleading. Reliability is key to a Magistrates probable cause analysis when the search warrant application contains information provided by an informant. See: United States v. Wilhelm, 80 F.3d 116, 119 (4th cir. 1996). The affidavits contain no statement concerning the informants credibility and when information forming the basis for probable cause comes from an informant, the informants

Veracity and reliability are critical to the totality of the circumstances test. Wilhelm, 80 F.3d at 119. Quoting Illinois v. Gates, 462 U.S. at 233. "A Judicial Officers assessment of Probable cause Must include a review of the veracity and basis of knowledge of Persons supplying hearsay information" United States v. Perez, 393 F.3d 457, 461-62 (4th cir. 2004). The information Provided contains no details that explains a Nexus between the informant and his alleged drug dealer. The affidavit does Not indicate when this suspect allegedly Purchased drugs from the defendant or that this suspect has ever given reliable tips. This information fails to Provide the Magistrate with a basis for Making a Probable cause determination.

Exhibit 3 - Affidavit of Detective Hernandez, the search Applications - Page # 24/19. ; Exhibit 1 - Affidavit of Sgt. A. Barrera, the GPS Application Page # 137 Paragraph 5 reads " on December 28th, 2016, Detectives with the Jacksonville Police department arrested LEE for Possession with the intent to Manufacture, sell and Deliver heroin, selling and deliver heroin to Cory Kaminski. According to the North carolina court calender this criminal matter is pending litigation, and LEE's Next court date is February 5th 2018"

The information reported is a false statement made with reckless disregard for the truth and with the affidavits false material set to one side the affidavits remaing content is insufficient to establish Probable cause. According to "Exhibit 4 - criminal history record" Defendant was Never arrested in December 2016. Further the affidavits recklessly omitted information that was Material to the determination of Probable cause. Affiants first, failed to inform the Magistrate that defendant was Not found in Possession of any heroin, actual Nor constructive. See: Exhibit 5 - Affidavit of Officer Miller ; and Officer Keller concluded while interviewing Cory Kaminski that he was a liar Prior to Cory implicating the defendant as his heroin Provider yet failed to inform the Magistrate of Cory's

unreliability. See: Exhibit 6 - Affidavit of Detective Keller". The informant demonstrated that he was unreliable during the course of his interview, deeming the informant reliable for some purposes but unreliable for others is an assessment that is for the Magistrate not the affiants to make. See Franks, 438 U.S. at 165 "it is established law that a warrant affidavit must set forth particular facts and circumstances underlying the existence of Probable cause, so as to allow the Magistrate to make an independent evaluation of the matter" Investigators failed to include any details, impressions, or limitations related to these events in the affidavits. The credibility of the informant was paramount to the Probable cause analysis given that the only evidence identifying Defendant as the heroin supplier came from an informant who officer Keller deemed a liar.

Exhibit 3 - Affidavit of Detective Hernandez, the search applications - Page # 244/20.; Exhibit 1 - Affidavit of Sgt. A. Barrera, The GPS application" Page # 138 Paragraph 1 reads "On January 21st, 2017, Jacksonville Police Department officer J. Smith conducted a traffic stop on the listed Lexus LS430 because of the registered owners driver license status as being suspended. The vehicles registered owner is Keith Phillip Williams, who lists his home of record on the vehicle registration as 113 Ridgeview drive, the same as LEE. During the stop the driver was identified as LEE. A subsequent search of the vehicle resulted in a plastic bag containing marijuana found underneath the drivers seat. LEE was arrested and charged for possessing marijuana. Approximately 1.0 ounce of marijuana was found in the plastic bag."

The mention of defendants January 2017 marijuana arrest in the affidavits intentionally omitted material facts from the affidavit and had those facts been included, the information would not have supported Probable cause. Affiants failed to inform the Magistrate that LEE was not convicted of this

Offense and it was Dismissed. See "Exhibit 4 - Criminal History record"; United States v. Stanert, 762 F. 2d 775 (9th cir. 1985). By reporting less than the total story, affiants manipulated the inferences the Magistrate drew. Affiants knew LEE's January 2017 arrest was Dismissed because in the Previous section of the affidavits affiants reported the status of that criminal matter. Investigators omitted this information with the intent to Mislead the Magistrate and the omitted information was necessary to the finding of Probable Cause. United States v. Colkley, 899 F. 2d 297, 300 (4th cir. 1990). The fact that the affidavits spoke only in terms of an arrest does not mean that failure to inform the Magistrate of the disposition of the charge was not Misleading.

       Exhibit 3 - "Affidavit of Detective Hernandez, the search Applications" - Page # 244/21.; Exhibit 1 - "Affidavit of Sgt. A. Barrera, The GPS Application" Page # 138 Paragraph 2 reads "On August 9th, 2017, a joint investigation between the Onslow County and Duplin County Drug Enforcement Unit resulted in Joshua Alexander Morton delivering to Kiara Mariboe approximately 4.8 grams of heroin. During this deal, Detective C. Boyett transported Kiara to Joshua Mortons home address. Kiara goes inside of Joshuas residence, Meanwhile Detective C. Boyett waited outside of the residence waiting for Kiara to conduct the deal inside of Joshuas residence. During the deal Kiara is continuously communicating with Detective C. Boyett telling him that Joshuas drug Supplier is coming to the residence and the drug Supplier would be delivering the heroin. During the deal Detective C. Boyett observes a Black Lexus LS430 arrive in the driveway of Joshuas residence. After the lexus arrives, Joshua is seen by Detective C. Boyett walking up to the drivers side window and meeting with the driver of the lexus. Joshua meets with the driver for about 15 seconds. After meeting with the driver, Joshua walks back inside of his residence. At which time the lexus leaves. The lexus was at Joshuas residence

for less than a Minute which is an indicative time frame for a drug transaction to occur.

The information reported is a false statement made with reckless disregard for the truth included by the affiants in the warrant affidavits and with the affidavits false material set to one side, the affidavits remaining content is insufficient to establish Probable cause. According to, Exhibit 4 - Affidavit of Officer Fidler Detective Boyette did not observe a Black Lexus LS430 arrive in the driveway of Joshuas residence but specifically stated seeing a Black Passenger car pull into the driveway of Joshuas residence. Detective Boyett makes no mention whatsoever of seeing anyone walking to the drivers side window and meeting with the driver of a Lexus. Detective Boyett mentions nothing about a 15 second meeting nor seeing anyone returning to the target residence and specifically reports the black Passenger car was at this residence for 3 minutes not 1 minute an indicative time frame for a drug transaction as the affiants falsely report.

Exhibit 3 - Affidavit of Detective Hernandez, the search Applications - Page # 245/22. ; Exhibit 1 - Affidavit of Sgt. A. Barreta, The GPS Application - Page # 138 Paragraph 3 reads " During a debrief with Kiara regarding the investigation where Joshua sold her 4.8 grams of heroin, who then sold the same heroin to Detective C. Boyett, Kiara informs Lt. C. Fidler Joshuas drug supplier who delivered to Joshua that night was a person she knew as "Justin". Kiara said she did not know "Justin" but had seen him before and described him as a light black skinned male who was about 30 years old "

The information included in the affidavits is a false statement made knowingly and intentionally by the affiants and with the false information redacted, the affidavits remaining content is insufficient to establish Probable cause. Further the affiants intentionally omitted information that

Was Material to the determination of Probable cause from this statement. According to, Exhibit 3 - "The Search applications", Exhibit 1 - "The GPS application", The Previous Section Clearly reports Kiara was inside of the residence. Exhibit 3 - Affidavit of officer Fidler" Page # 104 / 11., 14., Page # 105 / 16., indicate Kiara was inside of the residence the entire time. The affidavits allege the drug transaction took Place in the driveway of Joshua's residence, involving who Kiara informed she does not know at approximately 11:00 PM. See Exhibit 3 - Page # 115, Kiara reports she was inside of Joshua's residence while a drug transaction she did not conduct took Place outside of Joshua's residence with an "unknown black male" and gave no statement alleging the Male was about 30 years old.

The affidavit also in this respect omitted the fact that Kiara Possessed Crystal Methamphetamine and heroin which Detectives knew about following her sale of heroin to Detective C. Boyett. See: Exhibit 3 - Page # 106 / 22., 23. and was arrested during a traffic stop with three ounces of Crystal Methamphetamine following the August 9th, 2017, investigation but Prior to her Providing any information to authorities regarding "Justin". See: Exhibit 3 - Page # 113.


Exhibit 3 - Affidavit of Detective Hernandez, the search applications - Page # 245 / 23. ; Exhibit 1 - Affidavit of Sgt. A. Barrera., The GPS application - Page # 138 Paragraph 4 reads " on December 16th, 2015, Jacksonville Police Detective K. Doyle conducted an interview with kino Isaac Hawkins. During the interview kino said he had been Purchasing approximately 3 grams of heroin a day for the last several Months from an individual he knew as "Justin". Officer K. Doyle showed kino a Picture of LEE and kino confirmed to officer K. Doyle that he knew LEE by the name of Justin. Kino told officer K. Doyle, LEE would Meet him on several occassions at the Walgreens located at highway 258 where LEE would deliver heroin to him driving a black high end vehicle, either a Lexus or

Mercedes."

This information is a false statement made with reckless disregard for the truth and without the false statement included in the search warrant applications the affidavit will not provide the requisite probable cause to sustain the warrant. According to "Exhibit 8 - Affidavit of Officer Doyle" this interview was conducted on December 15th, 2017, not December 16th, 2017 as the affiants state. Further Kino makes no mention of purchasing (3) grams of heroin for the last several months from Justin. Kino specifically stated he gets 2-3 grams of dog food at a time from Justin. Neither does Kino ever report Justin meeting him at walgreens to deliver heroin to him driving a black high end vehicle either a Lexus or Mercedes.

Exhibit 3 - "Affidavit of Detective Hernandez, the Search Applications" - Page # 248/31. reads "on February 1st 2018, surveillance activity showed LEE leaving 109 Ridgeview drive, driving a black in color Lexus with North Carolina registration of "EDR-7358". Surveillance was continued and showed LEE driving the Lexus into the parking lot of the Dollar Tree located on Yopp Road, Jacksonville, N.C. Detective G. Delamsa and Detective A. Hernandez watched LEE meet with a white male who was identified as Brian Robert Allen. Allen meets with LEE for about 30 seconds then leaves the area. Allen is known to the narcotics units as a heroin user and distributor from past investigations. Allen was stopped by Detectives and found to be in possession of about 5.3 grams of heroin. While interviewing Allen he told Detective A. Hernandez he had given LEE in return delivered to him the 5.3 grams of heroin."

Detective A. Hernandez recklessly omitted the fact that Detectives did not see LEE leave 109 Ridgeview drive at this time through physical surveillance but drew this assumption based on alleged GPS tracking device coordinates. Material information

Necessary to the finding of Probable cause. See: U.S v. Tate, 524 F. 3d 449 (4th cir. 2008) Quoting U.S v. Ortiz (E.D. Pa 2012) " Trackers have a 50 to 100 yard Margin of error".

Further, the affiant in this Matter failed to inform the Magistrate of the following: 1) Detectives did Not see a drug transaction, 2) Brian Allen admitted to and authorities concluded that he was a liar. 3) When Detective C. Crites administered a photo lineup for Brian Allens viewing as to who sold him heroin which included a Photo of Defendant, Brian did Not identify Defendant in that lineup. See: Exhibit 9 - "Affidavit of Detective Hernandez"; Exhibit 10 - "Affidavit of officer Crites". The affidavit is also void of any information regarding the informants credibility, information that was clearly relevant to the Magistrates Probable cause determination. One way of establishing reckless disregard is by Proffering evidence that a Police officer failed to inform the Judicial officer of facts he knew would Negate Probable cause. Miller V. Prince Georges Cty, 475 F. 3d at 627 (4th cir. 2007). Law enforcement Never initiated a traffic stop on the Vehicle they allege Brian Allen Made contact with so the occupants of that vehicle are still a Mystery. The Lexus vehicle authorities refrence to does Not belong to defendant See: Affidavit of Detective Hernandez, the search Applications - Page # 244/20. Finally, Detective Hernandez dealt directly with Brian Allen and knew he was unreliable yet decided to omit Material information which would have undermined Probable cause, Usurping the Magistrates role.

Exhibit 3 - "Affidavit of Detective Hernandez, the search Applications" Page # 248/33. reads" On February 2nd, 2018, at about 1:30 PM, surveillance activity showed LEE leaving 109 Ridgeview drive driving the black Lexus bearing North Carolina registration Plate of "EDR-7358".

The affiant, Detective Hernandez intentionally omitted from the affidavit that LEE was Not Physically seen leaving 109 Ridgeview drive at this time but officers concluded such through GPS tracking device coordinates which Detective Hernandez

testified to at defendants suppression hearing on May 5th 2020. See: United States v. Ortiz (E.D. Pa 2012) "Trackers have a 50 to 100 yard margin of error". Had this fact been included, the affidavit would not have supported probable cause. Based on the material omissions and false statements, under Franks and its progeny, the search of the 2005 Lexus LSU30 NC registration: EDR-7358, 109 Ridgeview Drive and 113 Ridgeview drive violated Defendants Fourth Amendment rights and all evidence obtained in result must be suppressed.

## CONCLUSION

Based on the foregoing Defendant request a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978) and required by the U.S. Constitution, amendment IV, for the presentation of evidence on this matter.

Respectfully submitted, this 13th day of January, 2021

A. Lee

Austin Kyle Lee # 378769

Pitt County Detention center

124 New Hope Road

Greenville, N.C 27834

## Certificate of Service

The undersigned Defendant hereby certifies that he has served the foregoing Pleading upon the Clerk of Court for the Eastern District of North Carolina via U.S Postal Mail on this date.

This the 13th day of January, 2021.

A. Lee

Austin Kyle Lee # 378769

Pitt County Detention Center

124 New Hope Road

Greenville, N.C 27834