FILED IN OPEN COURT

ON 2/8/2021 SLST

Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-153-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY INSTRUCTIONS |
| AUSTIN KYLE LEE | ) | |
| a/k/a "Justin" | ) | |

TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 4

PROVINCE OF THE JURY .............................................................................................. 6

PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF — INDICTMENT NOT

    EVIDENCE — CONSIDER ONLY OFFENSE CHARGED ........................................... 7

JUDGING THE EVIDENCE ............................................................................................. 8

JURY'S RECOLLECTION CONTROLS ......................................................................... 9

EVIDENCE RECEIVED IN THE CASE .......................................................................... 10

CREDIBILITY OF WITNESS .......................................................................................... 11

LAW ENFORCEMENT WITNESSES .............................................................................. 15

NO OBLIGATION TO USE CERTAIN INVESTIGATIVE TECHNIQUES ..................... 16

OPINION EVIDENCE — THE EXPERT WITNESS ........................................................ 17

PROOF OF KNOWLEDGE OR INTENT ......................................................................... 18

PROOF OF KNOWLEDGE OR INTENT – RULE 404(b) EVIDENCE ............................ 19

"KNOWINGLY" — DEFINED .......................................................................................... 20

"ON OR ABOUT" — EXPLAINED ........................................................................ 20

PROOF MAY BE DISJUNCTIVE ........................................................................ 21

COUNT ONE — CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO

    DISTRIBUTE A CONTROLLED SUBSTANCE ........................................... 22

        Nature of the Offense Charged ..................................................................... 22

        Statutes Defining the Offense Charged ........................................................ 22

        Essential Elements of the Offense Charged ................................................. 23

        Existence of an Agreement .......................................................................... 23

        Membership in Agreement ........................................................................... 25

        Acts and Declarations of Co-Conspirators .................................................. 26

        Success of Conspiracy Immaterial ............................................................... 27

        Definitions .................................................................................................... 27

        Conspiracy Drug Amount ............................................................................ 29

COUNTS TWO THROUGH FOUR — DISTRIBUTION OF A QUANTITY OF HEROIN .... 30

        Nature of the Offenses Charged ................................................................... 30

        Statute Defining the Offenses Charged ....................................................... 30

        Essential Elements of the Offenses Charged ............................................... 30

        Aiding and Abetting – Explained ................................................................. 31

COUNT FIVE — POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED

    SUBSTANCES .................................................................................... 33

        Nature of the Offense Charged ..................................................................... 33

        Statute Defining the Offense Charged ......................................................... 33

        Essential Elements of the Offense Charged ................................................. 33

COUNT SIX — POSSESSION OF A FIREARM DURING AND IN RELATION TO A DRUG

TRAFFICKING CRIME ................................................................................................. 35

Nature of the Offense Charged ....................................................................... 35

Statute Defining the Offense Charged .......................................................... 35

Essential Elements of the Offense Charged .................................................. 36

Definitions ...................................................................................................... 36

COUNT SEVEN— POSSESSION OF A FIREARM BY A FELON ........................................ 38

Nature of the Offense Charged ....................................................................... 38

Statute Defining the Offense Charged .......................................................... 38

Essential Elements of the Offense Charged .................................................. 39

Definitions ...................................................................................................... 39

VERDICT – DELIBERATIONS ................................................................................... 41

# INTRODUCTION

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the court as to the law applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the court — those given to you at the beginning of the trial, those given to you during the trial, and these final instructions — must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decision.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence received in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors here in the courtroom; and to arrive at a verdict by applying the same rules of law, as now being given to each of you in these instructions of the court.

## PROVINCE OF THE JURY

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the accused.

In performing this duty, you must not be persuaded by bias, prejudice or sympathy as to any party or by any public opinion.

Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court and reach a just verdict, regardless of the consequences.

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF — INDICTMENT NOT EVIDENCE — CONSIDER ONLY OFFENSE CHARGED

The law presumes the defendant to be innocent of the crimes charged. Thus, the defendant, although accused, begins the trial with a "clean slate" — with no evidence against the defendant. The indictment, as you already know, is not evidence of any kind. The defendant is not on trial for any act or conduct not specifically charged in the indictment. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the defendant.

The defendant has pleaded "Not Guilty" to this indictment, and therefore he denies guilt. The presumption of innocence alone is sufficient to acquit the defendant. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Unless the government proves, beyond a reasonable doubt, that defendant has committed each and every element of the offense charged against him in the indictment, you must find defendant not guilty of the offense.

## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always placed on the government.

JURY'S RECOLLECTION CONTROLS

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

# EVIDENCE RECEIVED IN THE CASE

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them and all exhibits received in evidence, regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

# CREDIBILITY OF WITNESS

You heard a number of witnesses testify. You must decide whether to believe a witness and how much to rely on the witness's testimony.

You should consider anything that reasonably helps you to evaluate the testimony. Among the things you may consider are the following:

1.   The witness's appearance, attitude, and behavior on the stand, and the way the witness testified;

2.   The witness's age, intelligence, and experience;

3.   The witness's opportunity and ability to see or hear the things about which the witness testified;

4.   The accuracy of the witness's memory;

5.   Any motive of the witness to tell or not to tell the truth;

6.   Any interest or disinterest a witness might have in the outcome of the case. In evaluating credibility of the witnesses, you should consider whether the witness may benefit in some way from the outcome of this case;

7.   Any bias, prejudice, or hostility of the witness;

8.   Opinion or reputation evidence about the witness's truthfulness or untruthfulness;

9.   Prior criminal convictions of the witness. The testimony of a witness may be discredited or, as we sometimes say, impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a

prison sentence of more than one year. Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony;

10. Prior statements by the witness that were inconsistent or consistent with the testimony given at trial. The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements;

11. Prior actions of the witness that suggest truthfulness or untruthfulness; and

12. The internal consistency of the witness's testimony and its support or contradiction by other evidence.

13. The witness's drug or alcohol abuse. The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol. The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol at the time of the events he is testifying about, or at the time of his testimony.

14. Whether the witness entered into an agreement with the government which provides for some advantage or favorable treatment on behalf of the witness. Plea bargaining is lawful and proper, and is expressly provided for in the rules of the court. Cooperating as an informant also is lawful and proper. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because such witness may want to strike a good bargain with the government. So, while a witness who has entered into a plea agreement, or who is an accomplice, or a paid confidential informant, or a witness who may be subject in another case to prosecution, may be entirely truthful when testifying, you should use caution when considering the testimony of such person and whether his or her testimony has been affected by self-interest, or by an agreement the witness may have made with the government, or by his or her own interest in the outcome of this case, or by prejudice against the defendant. Moreover, I instruct you that testimony of a person who has entered into a plea of guilty is not evidence of guilt of any other person including the defendant.

If you believe that part of what a witness testified to was false, you may choose to distrust other parts also but you are not required to do so. Inconsistencies and contradiction in a witness's testimony, or between the testimony of one witness and another, do not necessarily mean that a witness is lying. Memory failures and mistaken memories are common and may explain some inconsistencies and contradictions. And it is common for two honest people to witness the same event and to see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

You may believe all, part, or none of the testimony of any witness. You need not believe the testimony of a witness even though it is uncontradicted. You need not accept the testimony as true simply because a number of witnesses agree with each other. You may decide that even unanimous testimony of witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony.

When witnesses are in conflict, you need not accept the testimony of the greater number of witnesses. Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the state or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

# NO OBLIGATION TO USE CERTAIN INVESTIGATIVE TECHNIQUES

You have heard testimony as to the manner in which the government conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or to use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of defendant's guilt.

## OPINION EVIDENCE — THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety. You, the jury, are the sole judges of the facts of this case.

PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## PROOF OF KNOWLEDGE OR INTENT – RULE 404(b) EVIDENCE

Evidence that an act was done or that an offense was committed by a defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense.

Evidence of a similar act or offense may not be considered by the jury in determining whether defendant actually performed the physical act charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that defendant physically did the act charged in the indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that defendant did the act alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which defendant actually did the act charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crimes charged even if you were to find that he committed other crimes—even crimes similar to the one charged in this indictment.

## "KNOWINGLY" — DEFINED

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, accident, or a good faith belief that his actions complied with legal duties.

## "ON OR ABOUT" — EXPLAINED

The indictment charges that the offense alleged in the indictment was committed "on or about" or "in or around" a certain date or time period.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

# PROOF MAY BE DISJUNCTIVE

Although the indictment charges defendant with committing an offense in several ways, using conjunctive language (that is, "and"), it is sufficient if the government proves the offense in the disjunctive (that is, "or"). In other words, you may convict a defendant on a unanimous finding of any of the elements of a conjunctively charged offense.

I instruct you that the government need not prove beyond a reasonable doubt that defendant did each of the things named in a particular count of the indictment. Rather, it is sufficient if the government proves beyond a reasonable doubt that defendant did one of the alternative acts as charged, as long as you unanimously agree that the same particular alternative act was committed by defendant and that the government has proven beyond a reasonable doubt each element of the offense.

## COUNT ONE — CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

### Nature of the Offense Charged

Count one of the indictment charges that, beginning no later than in or around October 2016, and continuing until on or about February 2, 2018, in the Eastern District of North Carolina, and elsewhere, the defendant did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown, to the Grand Jury to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a quantity of marijuana, a Schedule I controlled substance, and five kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

### Statutes Defining the Offense Charged

Title 21, United States Code, Section 841 provides in relevant part that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

Title 21, United States Code, Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

<u>Essential Elements of the Offense Charged</u>

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following three essential elements beyond a reasonable doubt:

<u>First</u>:      An agreement between two or more persons to engage in conduct that violates a federal drug law — that is, to distribute or possess with intent to distribute a controlled substance;

<u>Second</u>:     The defendant's knowledge of the conspiracy; and

<u>Third</u>:     The defendant's knowing and voluntary participation in the conspiracy.

<u>Existence of an Agreement</u>

As I mentioned a moment ago, a criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or

understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate the drug laws of the United States by means of some common plan or course of action as alleged in count one of the indictment. Whether there is proof of this conscious understanding and deliberate agreement by the alleged members should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant.

## Membership in Agreement

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in count one of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into the agreement, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

## Acts and Declarations of Co-Conspirators

Evidence has been received in this case that certain persons, who are alleged to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in count one of the indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant, and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or made a particular statement.

Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may be considered by you in determining whether the government has sustained its burden of proof in count one of the indictment. Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement.

## Success of Conspiracy Immaterial

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

## Definitions

### "Controlled Substances"

You are instructed, as a matter of law, that heroin, and a mixture, and substance thereof, is a Scheduled I controlled substance. You are instructed, as a matter of law, that marijuana, and a mixture and substance thereof, is a Schedule 1 controlled substance. You are instructed, as matter of law, that cocaine, and a mixture and substance thereof, is a Schedule II controlled substance. It is not necessary for the government to prove that defendant knew the precise nature of the controlled substance that was involved. The government must prove beyond a reasonable doubt, however, that defendant did know that some type of controlled substance was involved. It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the defendant committed the alleged narcotics offenses involving these controlled substances.

"To Possess"

The term "to possess" means to exercise control or authority over something at a given time.  There are several types of possession – actual, constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.  The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession, or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

Mere presence in the vicinity of the thing in question is not sufficient, however, in and of itself, to prove possession.

"To Distribute"

"To distribute" means to deliver or to transfer or to attempt to deliver or to transfer possession or control of something from one person to another.  "To distribute" includes the sale of something by one person to another.

"With Intent to Distribute"

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else. I remind you that I previously defined "to distribute."

In attempting to determine whether a person acted "with intent to distribute" controlled substances, you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person. You may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

## Conspiracy Drug Amount

If you find beyond a reasonable doubt that defendant is guilty of the crime charged in count one of the indictment, you must determine the amount of controlled substances the government has proven was involved in the offense.

The defendant is accountable for the quantity of drugs which he personally distributed or possessed with intent to distribute. The defendant is also accountable for any quantity of drugs which another member of the conspiracy distributed or possessed with intent to distribute as part of the conspiracy, so long as it was reasonably foreseeable to the defendant that such a quantity of drugs would be involved in the conspiracy which he joined.

COUNTS TWO THROUGH FOUR — DISTRIBUTION OF A QUANTITY OF HEROIN

## Nature of the Offenses Charged

Count two charges on or about October 28, 2016, in the Eastern District of North Carolina, the defendant, aiding and abetting another, did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. Count three charges defendant with committing the same crime as count two on or about August 9, 2017.

Count four charges on or about February 1, 2018, in the Eastern District of North Carolina, the defendant did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Statute Defining the Offenses Charged

Title 21, United States Code, Section 841 defines the crime charged in counts two through four. I refer you to my instructions in count one for the statute defining these counts.

## Essential Elements of the Offenses Charged

For you to find the defendant guilty of the crimes charged in counts two, three, and four of the indictment, you must be convinced that the government has proved the following two essential elements beyond a reasonable doubt:

First: The defendant knowingly or intentionally distributed the controlled substance alleged in the count you are considering; and

Second: At the time such of distribution the defendant knew that the substance distributed was a controlled substance under the law.

The definitions of "to distribute" and "controlled substance" as used in count one also apply to counts two, three, and four.

## Aiding and Abetting – Explained

Counts two and three charge the defendant with "aiding and abetting" the conduct alleged. "Aiding and abetting" means to assist the perpetrator of the crime. A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Before a defendant may be found guilty as an aider or an abettor to the crime, the government must first prove, beyond a reasonable doubt, that someone other than the defendant committed each of the essential elements of the offenses I explained to you in my instructions for

these counts. The government need not prove the actual identity of the person who committed the crime, provided the evidence shows that the underlying crime was committed by someone.

If the government proves beyond a reasonable doubt that someone other than the defendant perpetrated the crimes in these counts, the government must then prove beyond a reasonable doubt that the defendant willfully associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crimes charged in these counts, the government must prove beyond a reasonable doubt that the defendant:

| | |
|---|---|
| *First*: | Knew that the crime charged was to be committed or was being committed; |
| Second: | Knowingly did some act for the purpose of aiding or encouraging the commission of that crime; and |
| Third: | Acted with the intention of causing the crime charged to be committed. |

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that the defendant aided and abetted the commission of that crime.

The government must prove that the defendant willfully associated himself with the crime in some way as a participant — someone who wanted the crime to be committed — not as a mere spectator.

## COUNT FIVE — POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

### Nature of the Offense Charged

Count five of the indictment charges that on or about February 2, 2018, in the Eastern District of North Carolina, the defendant did knowingly and intentionally possess with the intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a quantity of marijuana, a Schedule I controlled substance, and a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Statute Defining the Offense Charged

Title 21, United States Code, Section 841 defines the crimes charged in count five. I refer you to my instructions in count one for the portion of the statute applicable to these counts.

### Essential Elements of the Offense Charged

For you to find the defendant guilty of the crime charged in count five the indictment, you must be convinced that the government has proved the following three essential elements beyond a reasonable doubt:

First: The defendant possessed a controlled substance;

Second: The defendant knew of the possession; and

Third:        The defendant intended to distribute the controlled substance.

The definitions of "controlled substance," "to possess, "to distribute," and "with intent to distribute" as used in count one also apply to count five.

### Drug Amount

With respect to count five, if you find defendant guilty beyond a reasonable doubt of the crime charged, you will answer the question posed at subpart "a" concerning the amount of a mixture or substance containing a detectable amount of heroin which defendant possessed with the intent to distribute.

## COUNT SIX — POSSESSION OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME

### Nature of the Offense Charged

Count six of the indictment charges that on or about February 2, 2018, in the Eastern District of North Carolina, the defendant knowingly possessed a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as alleged in count five of the indictment, and did possess said firearm in furtherance of said drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

### Statute Defining the Offense Charged

Title 18, United States Code, Section 924(c)(1)(A) provides, in pertinent part, that "any person who, during and in relation to any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," shall be guilty of an offense against the United States.

## Essential Elements of the Offense Charged

For you to find the defendant guilty of the crime charged in count six of the indictment, you must be convinced that the government has proved the following two essential elements beyond a reasonable doubt:

First:    The defendant knowingly possessed a firearm; and

Second:    The defendant did so in furtherance of a drug trafficking crime.

## Definitions

### "Drug Trafficking Crime"

"Drug Trafficking Crime" means an offense that is a felony and involves the distribution, manufacture, or importation of any controlled substances. The offense alleged in count five of the indictment, possession with the intent to distribute a one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana, and a quantity of cocaine is a drug trafficking crime.

### "Firearm"

"Firearm" means (A) any weapon, (including a starter gun), which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive

device. The term "firearm" does not include an antique firearm.

## "In Furtherance"

Firearm possession occurs "in furtherance" of drug trafficking where it furthers, advances, or helps forward the crime.

Therefore, in order to prove that the defendant possessed a firearm in furtherance of a drug trafficking crime, as charged in count six of the indictment, the government must prove beyond a reasonable doubt that the defendant's possession of a firearm in some way furthered, advanced, or helped forward a drug trafficking crime and that the firearm had some relation to or connection to the underlying crime.

## "Possess"

I remind you that I previously defined the word "possess" while instructing you on the law as to count one. The same definition of "possess" applies to counts six.

# COUNT SEVEN— POSSESSION OF A FIREARM BY A FELON

## Nature of the Offense Charged

Count seven of the indictment charges that on or about February 2, 2018, in the Eastern District of North Carolina, the defendant, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## Statute Defining the Offense Charged

Title 18, United States Code Section 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"

## Essential Elements of the Offense Charged

For you to find the defendant guilty of the crime charged in count seven of the indictment, you must be convinced that the government has proved the following three essential elements beyond a reasonable doubt:

First:      The defendant knowingly possessed a firearm;

Second:      At the time of possession, defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Third:      Such possession was in or affecting interstate or foreign commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence.

## Definitions

### "Firearm"

I remind you that I previously defined the word "firearm" while instructing you on the law as to count six. The same definition of "firearm" applies to counts seven.

### "Crime Punishable by Imprisonment for a Term Exceeding One Year"

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime that is a felony. The phrase does not include any state offense classified by the laws of that state as a misdemeanor and punishable by a term of imprisonment of two years or less and certain crimes concerning the regulation of business practices. I hereby instruct you that the crime of Criminal Sale of a Controlled Substance in the Second Degree is a crime in the State of New York punishable by imprisonment for a term exceeding one year as that phrase is used in these instructions.

"Knew"

The term "knew," as used in these instructions to describe the alleged state of mind of the defendant, like "knowingly," means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

"In or Affecting Interstate Commerce"

The phrase "in or affecting commerce" includes commerce between any place in a state and any place outside of that state.

The government may meet its burden to prove this element by proving beyond a reasonable doubt that the firearm, at any time, had traveled across a state boundary line.

# VERDICT – DELIBERATIONS

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges — judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the

course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.

The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement, you will have your foreperson write your verdict(s), date and sign the form, and then return with your verdict(s) to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

All persons, including court personnel, security officers and members of the Marshals Service, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Please be admonished that if you separate for a night's rest at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk between yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations, including restroom breaks, which may occur after you commence your deliberations.

When you begin your deliberations, if there are any among you who desire to smoke I direct the marshal to announce a 5-minute smoking break at approximate 90-minute intervals. During that time smokers will be escorted to the designated smoking area outside this building. I caution you that no deliberations are to take place during such breaks and that deliberations shall not be resumed until everyone is back in the jury room.