IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-153-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN KYLE LEE, | ) | MEMORANDUM OPINION |
| a/k/a "Justin" | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for trial commencing February 3, 2021. The court memorializes herein reasons for not submitting special interrogatories to the jury related to the definition of a serious drug felony under 21 U.S.C. §§ 802(57) and 841(b)(1)(A), and not instructing the jury on related matters.

## BACKGROUND

To provide context for the court's analysis, the court summarizes the following procedural history. Superseding indictment, returned December 11, 2019, charged defendant with the following offenses: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a quantity of marijuana, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("count one"); aiding and abetting distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana, and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) ("count five"); possession of a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The indictment included, in reference to counts one and five, specific allegations of a prior "final conviction for a serious drug felony for which [defendant] served more than [12] months of imprisonment and from which he was released from serving any term of imprisonment related to that offense within [15] years of commencement of the instant offense." (Superseding Indictment (DE 91) at 1-3).

On January 20, 2021, the United States filed a notice of intent to seek enhanced penalty pursuant to 21 U.S.C. § 851, advising defendant and the court that defendant was eligible for enhanced punishment under 21 U.S.C. § 841(b)(1)(A) due to his prior conviction for a serious drug felony. (Notice (DE 152)). This was joined by the government's proposed jury instructions, which requested the jury be instructed that "[w]hen you have completed your initial deliberations there are additional matters for you to consider regarding [count one/count five] of the Superseding Indictment, should you have determined that Defendant is guilty of [count one/count five]."[1] (Government's Proposed Jury Instructions (DE 155) at 53, 64). The additional matters were to be that "the offense[s] charged in [count one/count five] [are] more serious if, before committing the offense, the defendant was convicted of the crime [the court] describe[s] below, and served more than 12 months in prison for that crime, and was released from prison within 15 years before commencement of the offense charged here in [count one/count five]." (Id.). The government proposed that the jury would then be asked three questions:

1. Do you unanimously agree, by proof beyond a reasonable doubt, that before defendant . . . committed the offense charged in [count one/count five], he was convicted of the crime of Criminal Sale of a Controlled Substance in the Second Degree under New York law? I instruct you as a matter of law that this offense is a serious drug felony.

---

[1] In its trial brief filed the same date, the government suggested that evidence regarding the § 841(b)(1)(A) sentencing enhancement be submitted to the jury as part of its case in chief. (See Trial Br. (DE 151) at 23-24 ("Bifurcation of § 851 Evidence Unnecessary")).

2

2. If so, do you unanimously agree, by proof beyond a reasonable doubt, that he served more than 12 months in prison for that crime?

3. If so, do you unanimously agree, by proof beyond a reasonable doubt, that he was released from serving any term of imprisonment for that crime within 15 years of the commencement of the offense charged in [count one/count five]?

(Id. at 53-54, 64-65). The government's proposed verdict form included corresponding questions for the jury. (Government's Proposed Verdict Form (DE 161) at 3, 5). Defendant did not propose jury instructions on this topic, but defendant requested that the issues be presented to the jury in a bifurcated proceeding in the event of guilty verdict on counts one and five.

The court addressed the government's proposed jury instructions regarding the sentencing enhancement for counts one and five at several conferences with the parties on the first, second, and third days of trial.[2] When the court inquired as to the government's basis for its proposed instructions, the government initially asserted that the length of the prior sentences and release date must be proven to the jury under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. The government asserted that the First Step Act of 2018 changed the nature of what 21 U.S.C. § 851 requires and "amended" that section. The government represented that it was the position of the Department of Justice that any disputed issues with satisfaction of the components of the definition of a serious drug felony in 21 U.S.C. § 802(57)(a) and (b), which were added by the First Step Act, must be submitted to a jury.

Upon further inquiry as to whether any court had endorsed the position of the government, the government suggested it could obtain court records from the United States District Court for the Eastern District of Pennsylvania where the jury was asked, and answered, questions regarding

---

[2] A separate question of what evidence the jury should and did hear regarding the 18 U.S.C. § 922(g)(1) felon-in-possession charge was treated independently by the court, and not subject of the instant memorandum opinion.

3

the definition of a serious drug felony, under 21 U.S.C. § 802(57), as it relates to enhanced sentences. That evening, the government informally transmitted to the clerk for the court's review examples of the mentioned dockets in the Eastern District of Pennsylvania as well as the transcript from one of the cases. At conference with the parties on the third day of trial, the government reconfirmed its position that the definition components of a serious drug felony, under 21 U.S.C. § 802(57), must be presented to a jury in a bifurcated proceeding, in the event the jury returns a verdict of guilty on counts one and five.[3] Defendant also requested that the issue be so presented to the jury, although neither party offered further authority in support of this approach. After hearing the parties' respective positions, the court decided that the issue would not go to the jury, and the court gave a preliminary explanation to defendant of how the § 851 process would proceed in the event of a guilty verdict on counts one or five.

Thereafter, upon instructing the jury before deliberations, the court did not include the government's requested instruction to the jury nor the requested special interrogatories on the verdict form submitted to the jury. (See Jury Instructions (DE 190); Jury Verdict (DE 193)). The jury found defendant guilty on all counts, including charges one and five eligible for enhanced punishment. Following guilty verdict, the court notified defendant that it would set a deadline for a written response to the allegation of prior conviction, pursuant to § 851(c)(1), and would enter a written order with further details on the § 851 proceedings. As memorialized by the court's order on February 12, 2021: sentencing is set to take place during the July 13, 2021, term of court; defendant is on notice of his opportunity to affirm or deny the allegation of the prior conviction set forth in the government's § 851 notice; written response, if any, denying the allegation of prior

---

[3] The government confirmed, however, that it had abandoned its proposal initially advanced in its trial brief to present this issue to the jury in its case in chief, consistent with defendant's request to present the issue to the jury only in a bifurcated proceeding in the event of a guilty verdict on counts one and five.

4

conviction is due by March 5, 2021; and hearing on issues raised therein, if necessary, is set for March 11, 2021.

## COURT'S DISCUSSION

21 U.S.C. § 841 prohibits the knowing or intentional manufacture, distribution, or dispensation of a controlled substance and possession with intent to manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841(a)(1). Section 841 provides for a sentencing enhancement in the case of a violation involving, as relevant here, five kilograms or more of cocaine or one kilogram or more of a mixture or substance containing a detectable amount of heroin, "[i]f any person commits such a violation after a prior conviction for a serious drug felony." Id. § 841(b)(1)(A). If the requirements for the enhancement are met, "such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment." Id.

The statute defines a "serious drug felony" as "an offense described in section 924(e)(2) of Title 18 for which . . . the offender served a term of imprisonment for more than 12 months; and . . . the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57) (hereinafter, the "definitional components").[4] Section 924(e)(2) describes, as relevant here, a serious drug offense as being an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" as defined by the statute "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(a)(ii).

Section 851 sets forth procedures to establish prior convictions for the purpose of increased punishment under the statute. See 21 U.S.C. § 851. The section requires a notice, or an

---

[4] Two paragraph 57s have been enacted. See 21 U.S.C.A. § 802(57) n.1 (West). The court's citation throughout references the paragraph defining a serious drug felony.

5

"information,"[5] to be filed by the government prior to trial or entry of a guilty plea that "stat[es] in writing the previous convictions to be relied upon." Id. § 851(a)(1). If such notice is given, the court is required "after conviction but before pronouncement of sentence [to] inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information" and to "inform [defendant] that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Id. § 851(b).

If a defendant "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid," he or she is required to "file a written response to the information." Id. § 851(c)(1). Likewise, if a defendant claims that "a conviction alleged in the information was obtained in violation of the [U.S.] Constitution," the defendant "shall set forth his claim, and the factual basis therefor, with particularity" in the response. Id. § 851(c)(2). Failure to file a response, in effect, constitutes affirmation of the sentencing enhancement based on the prior conviction alleged in the information. See id. § 851(b), (c)(2), (d)(1) ("If the person files no response to the information, . . . the court shall proceed to impose sentence upon him as provided by this part.").

In the event defendant files a response, the court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment," and that "hearing shall be before the court without a jury and either party may introduce evidence." Id. § 851(c)(1). The government has "the burden of proof beyond a reasonable doubt on any issue of fact," except for challenges to convictions on the basis that they were "obtained in violation of the

---

[5] "[A]lthough § 851(a) requires that the government file 'an information,' the document is often referred to as a 'notice.'" United States v. Clarke, 237 F. App'x 831, 833 (4th Cir. 2007) (citing United States v. LaBonte, 520 U.S. 751, 754 n.1 (1997)).

6

Constitution of the United States" in which case the defendant has "the burden of proof by a preponderance of the evidence on any issue of fact raised" in his or her response to the information. Id. § 851(c)(2).

The foregoing statutory "procedure provides [a] defendant with a full and fair opportunity to establish that he is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement under section 841." United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992). One purpose of § 851 is to give "defendant an opportunity to challenge the use of the prior convictions and to prevent sentencing errors." United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007); see also United States v. Rodriguez, 851 F.3d 931, 946 (9th Cir. 2017) ("The § 851(b) colloquy is not merely a procedural requirement. It serves a functional purpose 'to place the procedural onus on the district court to ensure defendants are fully aware of their rights.'" (quoting United States v. Espinal, 634 F.3d 655, 665 (2d Cir. 2011))).

"Because § 851 permits judicial factfinding on a defendant's prior convictions, it falls within [Apprendi's] prior conviction exception." United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006); see Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); see also Alleyne v. United States, 570 U.S. 99, 103 (2013) (holding that Apprendi applies to facts increasing statutory mandatory minimum). The exception for the fact of a prior conviction is based in the recognition that "recidivism does not relate to the commission of the offense." Apprendi, 530 U.S. at 488 (quotations omitted). Accordingly, no jury determination is required where a sentencing enhancement is based upon "the prior commission of a serious crime." Almendarez–Torres v. United States, 523 U.S. 224, 230 (1998); see also Jones v. United States, 526 U.S. 227, 248 (1999) ("[T]he precise holding [in

Almendarez–Torres] that recidivism increasing the maximum penalty need not be so charged . . . rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment.").

In sum, § 851 requires the court to decide whether defendant has a prior conviction of a serious drug felony, including any necessary definitional components of such a prior conviction. As noted above, the parties nonetheless have taken the position that the definitional components of a serious drug felony set forth in § 802(57) must be presented to and decided by a jury. In essence, the parties suggest that these definitional components comprise something other than the "fact of a prior conviction," and thus must be decided by a jury. The parties' suggestion, however, is flawed in several respects.

First, the parties' suggestion is contrary to the plain language of §§ 841 and 851. In particular, section 841 provides a sentencing enhancement if a defendant commits a violation "after a prior conviction for a serious drug felony." 21 U.S.C. § 841(b)(1)(A) (emphasis added). At the outset, the enhancement is premised solely on the fact of "a prior conviction." It is not dependent upon facts other than a prior conviction. The requirement that the prior conviction must meet certain definitional components does not alter its foundation based entirely in recidivism.

The plain text of § 851 further reinforces the potential breadth of the court's inquiry into the fact of "a prior conviction" in § 841. It allows the government to show "that facts regarding prior convictions could not with due diligence be obtained prior to trial." Id. § 851(a)(1) (emphasis added). It allows a defendant to deny "any allegation of the information of prior conviction," and it contemplates a hearing "to determine any issues raised by the response which would except the person from increased punishment." Id. § 851(c)(1) (emphasis added). It notes that the failure of the government to "include in the information the complete criminal record of the person or any

8

facts in addition to the convictions to be relied upon" shall not invalidate the government's notice. Id. Finally, it provides that "either party may introduce evidence," it imposes on the government the burden "on any issue of fact," and it allows the court to enter "findings of fact." Id. Thus, these provisions make clear that the fact "of a prior conviction" encompasses a variety of subsidiary findings necessary to define or qualify that prior conviction.

Second, nothing in the First Step Act, itself, calls for a drastic departure from established procedures as suggested by the parties in the instant case. In pertinent part, the First Step Act merely changes the substantive components of the definition of a qualifying prior conviction, without making any reference to the procedural requirements of § 851. Prior to the First Step Act, § 841's enhancement required a "prior conviction for a felony drug offense," defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." See 21 U.S.C. §§ 841(b)(1)(A), 802(44) (2016). Now, after the First Step Act, § 841 requires a "prior conviction for a serious drug felony," defined as an offense in 18 U.S.C. § 924(e) for which the "offender served a term of imprisonment of more than 12 months" and for which the offender was "release[d] from any term of imprisonment . . . within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57); see First Step of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5520-21 (codified as amended at 21 U.S.C. §§ 802(57), 841(b)(1)).

The court declines to interpret Congress's narrowing of the substantive definition of a qualifying prior conviction in the First Step Act as obsoleting sub silentio § 851's enumerated procedures. Cf. Watt v. Alaska, 451 U.S. 259, 267 (1981) ("[Courts] must read . . . statutes to give effect to each if [courts] can do so while preserving their sense and purpose."); Waterfront Comm'n

9

of N.Y. Harbor v. Elizabeth-Newark Shipping, Inc., 164 F.3d 177, 183 (3d Cir. 1998) ("[I]t is doubtful that the legislatures would have, by means of a supplementary definition[,] . . . undertaken, sub silentio, to render a separate definition in another section of the statute superfluous."). Instead, the court reads the First Step Act's additional factual restrictions on the requisite type of prior conviction for an enhanced sentence in conjunction with the procedures laid out in § 851, with Apprendi's fact-of-conviction exception in mind.

Third, there is no case law precedent, published or unpublished, interpreting the First Step Act to require a change to § 851 procedures as suggested by the parties here. To the contrary, cases that have addressed the issue since enactment of the First Step Act have indicated that the court, not a jury, must determine whether the definitional components of § 802(57) have been met, under the established § 851 procedures. See, e.g., United States v. Corona-Verduzco, 963 F.3d 720, 724 (8th Cir. 2020) ("[W]hile the [First Step Act] reduced mandatory minimums, it did not amend the structure and procedure for the § 841(b)(1)(A) enhancements or the general purpose of the statute." (citing 21 U.S.C. §§ 802(13), 841(a), 851)); United States v. Kendrick, 825 F. App'x 77, 79-80 (3d Cir. 2020) (stating, post-First Step Act, "Almendarez-Torres is still good law"); United States v. Chavez, 804 F. App'x 525, 526 (9th Cir. 2020) (requiring adherence to § 851, post-First Step Act); United States v. Johnson, No. 17-CR-00770, 2021 WL 260226, at *1 (N.D. Ill. Jan. 26, 2021) (determining, following § 851 hearing, "that the Government had proved beyond a reasonable doubt the fact of conviction, that [defendant] had served more than 12 months' imprisonment for the conviction, and that he had been released from his term of imprisonment for the conviction within 15 years of the commencement of the offense").

The court recognizes that one district court, according to records informally referenced by the government in the instant case, has submitted questions regarding the definitional components

10

of § 802(57) to a jury in bifurcated proceedings after enactment of the First Step Act. See, e.g., Transcript of November 19, 2019, Proceedings at 3-9, United States v. West, No. 2:18-CR-249-MMB-2 (E.D. Pa. Dec. 19, 2019), ECF No. 541; Jury Verdict Form–Bifurcated Counts, United States v. Clark, No. 2:19-CR-15-GJP (E.D. Pa. Feb. 27, 2020), ECF No. 332 (only title available to public); Verdict, United States v. Scales, No. 2:18-CR-576-MAK (E.D. Pa. Dec. 6, 2020), ECF No. 263 (same). Records of those proceedings, however, do not reveal any argument on the issues covered in the instant memorandum opinion, nor any court opinion addressing the issues. Accordingly, the court finds that the present weight of authority after enactment of the First Step Act supports the approach adopted by the court herein.

Finally, courts interpreting § 851 and Apprendi, generally, recognize that the inquiry into the "fact of a prior conviction" may include antecedent findings and issues, requiring recourse to a limited set of evidence probative to those findings and issues, without running afoul of the Sixth Amendment. In making this inquiry, courts cannot "sever the prior conviction from its essential components." United States v. Thompson, 421 F.3d 278, 282 (4th Cir. 2005). They cannot impose "an artificially narrow reading of the 'fact of a prior conviction' exception" that "extend[s] to only a grudging acknowledgment that a defendant once had been convicted." Id. Rather, "§ 851 permits judicial factfinding on a defendant's prior convictions" without violating a defendant's Sixth Amendment rights. Smith, 451 F.3d at 224 (emphasis added). Certain "'subsidiary findings' are part of 'the fact of prior conviction' which judges may find." Thompson, 421 F.3d at 284 n.4.

When "making factual findings about a prior conviction," the court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record." United States v. Allen, 446 F.3d 522, 531-32 (4th Cir. 2006)

11

(emphasis added) (quotations omitted). Likewise, courts may consider "official documents establishing the matter with 'the conclusive significance of a prior judicial record.'" United States v. Dean, 604 F.3d 169, 173 (4th Cir. 2010) (quoting Shepard v. United States, 544 U.S. 13, 14 (2005)). Information from a document that "bears the earmarks of derivation from Shepard-approved sources" may be relied on. Thompson, 421 F.3d at 285 (holding that a presentence report can be used in armed career criminal determinations).

Moreover, the time actually served by a defendant for a prior conviction does not require qualitative analysis or speculation. Compare Thompson, 421 F.3d at 286 (explaining that the Armed Career Criminal Act's "use of the term 'occasion' requires recourse only to data normally found in conclusive judicial records, such as the date and location of an offense" as opposed to "a nebulous standard [that] cries out for speculation regarding facts extraneous to the prior conviction"), with Descamps v. United States, 570 U.S. 254, 269 (2013) (reversing circuit court and condemning its "reworking [that] authorize[d] the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct"); and Mathis v. United States, 136 S. Ct. 2243, 2252 (2016) (explaining that, under the Sixth Amendment, district courts are "barred from making a disputed determination about 'what the defendant and state judge must have understood as the factual basis of the prior plea' or 'what the jury in a prior trial must have accepted as the theory of the crime.'" (quoting Shepard, 554 U.S. at 24)).

In sum, neither the plain language of the applicable statutes nor case law interpreting them, require the court to submit the definitional components of a "serious drug felony" in § 802(57) to a jury.[6] The fact of defendant's prior conviction, including satisfaction of any of its definitional components, must be determined by the court, if challenged by defendant, without a jury.

---

[6] To the extent the parties suggest that the jury must also decide whether defendant was "convicted of the crime of Criminal Sale of a Controlled Substance in the Second Degree under New York law," (Government's

## CONCLUSION

Based on the foregoing, the court rejected the parties' requests to instruct the jury on the definition of a serious drug felony under 21 U.S.C. §§ 802(57) and 841(b)(1)(A), and to present related special interrogatories for jury determination.

SO ORDERED, this the 18th day of February, 2021.

LOUISE W. FLANAGAN
United States District Judge

---

Proposed Jury Instructions (DE 155) at 53-54, 64-65), their suggestion is foreclosed for all the aforementioned reasons that pertain to the definitional components of 21 U.S.C. § 802(57).