IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CR-153-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AUSTIN KYLE LEE, a/k/a "Justin" | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for hearing pursuant to 21 U.S.C. § 851(c) on March 11, 2021. As set forth below, the court enters findings of fact and conclusions of law, pursuant to 21 U.S.C. § 851(c), and determines that defendant is subject to increased punishment by reason of prior conviction, pursuant to 21 U.S.C. §§ 841(b)(1)(A)-(B), 851(d)(1).

## STATEMENT OF THE CASE

Superseding indictment, returned December 11, 2019, charged defendant with the following offenses: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, a quantity of marijuana, and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("count one"); aiding and abetting distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; distribution of a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin, a quantity of marijuana, and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) ("count five"); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession

of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The indictment included, in reference to counts one and five, specific allegations of a prior "final conviction for a serious drug felony for which [defendant] served more than [12] months of imprisonment and from which he was released from serving any term of imprisonment related to that offense within [15] years of commencement of the instant offense."  (Superseding Indictment (DE 91) at 1-3).

On January 20, 2021, the government filed a notice of intent to seek enhanced penalty, pursuant to 21 U.S.C. § 851, advising defendant and the court that defendant was eligible for enhanced punishment under 21 U.S.C. § 841(b)(1) due to his prior conviction for a serious drug felony.  (Notice (DE 152)).  At trial the parties asserted that the question of whether defendant had the requisite prior conviction for a serious drug felony had to be submitted to the jury. The court decided that the issue would not go to the jury for reasons more fully explained in its February 18, 2021, memorandum opinion.  The court also gave a preliminary explanation to defendant of how the § 851 process would proceed in the event of a guilty verdict on counts one or five.

Thereafter, upon instructing the jury before deliberations, the court did not include the government's requested instruction to the jury nor the requested special interrogatories on the verdict form submitted to the jury.  (See Jury Instructions (DE 190); Jury Verdict (DE 193)).  The jury found defendant guilty on all counts, including charges one and five eligible for enhanced punishment.  Following guilty verdict, the court entered written order setting a deadline of March 5, 2021, for defendant's written response under 21 U.S.C. § 851(c), if any, and set hearing for March 11, 2021.

On March 1, 2021, defendant filed a pro se document entitled "Defendant['s] denial and challenge to conviction obtained in violation of the U.S. Constitution [p]ursuant to 21 U.S.C. 851(c)(1)," despite still being represented by counsel. (DE 207).  The court disregarded and denied

2

this filing due to defendant's continuing representation,[1] see United States v. Hammond, 821 F. App'x 203, 207 (4th Cir. 2020) ("[A] district court is under no obligation to consider a defendant's pro se motion when he is represented by counsel."), as well as setting sentencing for May 14, 2021. Subsequently, this time through counsel, defendant adopted his pro se filing's assertion that the alleged prior conviction contained in the government's § 851 notice had been vacated by defendant's July 27, 2020, motion in the Supreme Court of the State of New York.

## FINDINGS OF FACT

The government has proved the following beyond a reasonable doubt by evidence adduced at March 11, 2021, hearing.[2]

Defendant was convicted on July 11, 2011, in the Supreme Court of the State of New York, New York County for criminal sale of a controlled substance in the second degree in violation of N.Y. Penal Law § 220.41. (Hearing Ex. A[3]; Trial Ex. 83; § 851 Notice Ex. 1 (DE 152-1)). Defendant served a term of imprisonment from sentencing on October 31, 2011, until December 23, 2015, when he was conditionally released to state parole. (Hearing Ex. B[4]; Trial Ex. 84; § 851 Notice Ex. 2 (DE 152-2)).

---

[1]  On March 1, 2021, the court also denied defense counsel's February 19, 2021, second motion to withdraw.

[2]  In considering evidence adduced at hearing, the court only considered "those sources approved by Shepard in making factual findings about a prior conviction." United States v. Allen, 446 F.3d 522, 531-32 (4th Cir. 2006). See generally Shepard v. United States, 544 U.S. 13, 26 (2005) (plurality) (explaining that a sentencing court is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record" when relying on the fact-of-prior-conviction exception to the Sixth Amendment's requirement of fact-finding by a jury).

[3]  At hearing, the government relied on, as its Exhibit A, a certificate of conviction that had been proffered and admitted at trial as government's Exhibit 83 and had been attached as an exhibit to the government's § 851 notice.

[4]  Similarly, at hearing, the government relied on its Exhibit B, a certificate of incarceration that had been proffered and admitted, in part, at trial as government's Exhibit 84 and had been attached, in full, as an exhibit to government's § 851 notice.

Subsequently, at jury trial before this court, defendant was found guilty of, among others, two violations of 21 U.S.C. § 841(a)(1), charged in the superseding indictment as counts one and five. The jury made special findings that his violations involved one kilogram or more of a mixture or substance containing a detectable amount of heroin and five kilograms or more of cocaine, in regard to count one, and between 100 and 999 grams of a mixture or substance containing a detectable amount of heroin, in regard to count five.

## CONCLUSIONS OF LAW

Section 841 provides:

> any person who violates subsection (a) of [§ 841] shall be sentenced . . . in the case of a violation . . . involving 1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . . [or] 5 kilograms or more of a mixture or substance containing a detectable amount of . . . cocaine . . . to a term of imprisonment which may not be less than 10 years or more than life.

21 U.S.C. § 841(b)(1)(A)(i)-(ii)(II). However, "[i]f any person commits such a violation after a prior conviction for a serious drug felony . . . has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment." Id. § 841(b)(1)(A).

Similarly, in the case of a § 841(a) violation "involving . . . 100 grams or more of a mixture or substance containing a detectable amount of heroin . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years" unless the "person commits such a violation after a prior conviction for a serious drug felony . . . has become final" in which case "such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." Id. 841(b)(1)(B).

A "serious drug felony" is defined as "an offense described in section 924(e)(2) of Title 18 for which . . . the offender served a term of imprisonment for more than 12 months; and . . . the

offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57). Section 924(e)(2) describes, as relevant here, a serious drug offense as being an "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(a)(ii).

The New York state law violation for which defendant was convicted on July 11, 2011, criminal sale of a controlled substance in the second degree, is defined, as relevant here, as the "knowing[] and unlawful[] [sale]" of "one or more preparations, compounds, mixtures or substances containing a narcotic drug and the preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more." N.Y. Penal Law § 220.41 (McKinney 2020). Further, "[c]riminal sale of a controlled substance in the second degree is a class A-II felony." Id. "[F]or a first felony drug offender," "[t]he terms authorized for such determinate sentence[]" of imprisonment" "for a class A-II felony, . . . shall be at least three years and shall not exceed ten years." Id. § 70.71.2(b)(ii). On the other hand, "for a second felony drug offender" the authorized term of imprisonment "for a class A-II felony . . . shall be at least six years and shall not exceed fourteen years." Id. 70.71.3(b)(ii).

Accordingly, the New York state law violation of criminal sale of a controlled substance in the second degree constitutes an offense under state law involving distributing a controlled substance for which the maximum term of imprisonment prescribed by law is one of 10 or more years, meaning it is a serious drug offense within the meaning of 18 U.S.C. § 924(e)(2). Further, for this offense, as noted above, defendant served a term of imprisonment for more than 12 months, here, more than four years. (DE 152-2; Trial Ex. 84; Hearing Ex. B). And defendant was released

5

from his term of imprisonment for the New York state law violation within 15 years of the commencement of the instant offense, here, within one year at the earliest and three years at the latest.[5]

In sum, defendant's prior conviction in New York from July 11, 2011, was one for a serious drug felony under 21 U.S.C. § 802(57) and 21 U.S.C. § 841(b)(1).[6]

Defendant raised two arguments in opposition to this conclusion, one before hearing and one at hearing. First, defendant, initially pro se and then through counsel, argued that, by July 27, 2020, motion, the 2011 conviction had been vacated pursuant to N.Y. Penal Law § 440.10 (McKinney 2020). However, beyond this bare assertion, which was not elaborated upon at hearing by defense counsel or defendant, no evidence was put forward to support this assertion, which was belied by government's Exhibit A containing a certification of defendant's conviction, as certified as of January 15, 2021, by the Clerk of Supreme Court, New York County. (See Hearing Ex. A). See generally United States v. Sanders, 909 F.3d 895, 902 (7th Cir. 2018) ("When a state court 'vacates' a prior conviction, it, in effect, nullifies that conviction; it is as if that conviction no longer exists." (quotation omitted)).

---

[5] Count one charged conduct beginning in or around October 2016 and continuing until on or about February 2, 2018, and count five charged conduct taking place on or about February 2, 2018.

[6] Neither party briefed nor analyzed whether the 18 U.S.C. § 924(e) categorical approach was required in the §§ 841, 851 context. Compare, e.g., United States v. Johnson, No. 17-CR-00770, 2021 WL 260226, at *4 (N.D. Ill. Jan. 26, 2021) ("To determine whether [defendant's] Illinois conviction constitutes a 'serious drug felony' and thus a basis for an enhancement under § 851, the Court must apply the categorical approach."), with United States v. Soto, 8 F. App'x 535, 541 (6th Cir. 2001) ("[T]his court does not employ a categorical approach to determining whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841(b)(1)."). Regardless, if the categorical approach, as ported over from the Armed Career Criminal Act, was applicable here, it would be easily satisfied. See generally United States v. Williams, 326 F.3d 535, 538 (4th Cir. 2003) ("We generally employ a categorical approach to determine whether a prior conviction serves as a predicate conviction under § 924(e)." (quotation omitted)); United States v. Dozier, 848 F.3d 180, 183 (4th Cir. 2017) ("The categorical approach focuses on the elements of the prior offense rather than the conduct underlying the conviction. For a prior conviction to qualify as a . . . predicate offense, the elements of the prior offense must correspond in substance to the elements of the enumerated offense." (quotation omitted)).

Second, defendant argued pro se at hearing that he was excepted from the penalty enhancement because he had not served a term of imprisonment of 10 years or more for the 2011 conviction. However, the plain language of § 18 U.S.C. § 924(e)(2) as referenced by 21 U.S.C. § 802(57) forecloses this argument as it describes "an offense under State law . . . for which a <u>maximum</u> term of imprisonment of ten years or more is prescribed by law" rather than referencing an offense under state law for which a term of imprisonment of ten or more years was served. <u>See</u> 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added); <u>cf.</u> <u>United States v. Campos</u>, 163 F. App'x 232, 234 (4th Cir. 2006) ("That [defendant] was sentenced to less than one year in prison for his New Jersey conviction is immaterial, because § 802(44) refers to offenses 'punishable' by more than one year imprisonment.").

The court concludes that the government has shown, beyond a reasonable doubt, that under both § 841(b)(1)(A) and § 841(b)(1)(B) defendant is subject to the statutorily mandated increased punishment by reason of a prior conviction. <u>See</u> 21 U.S.C. § 851(d)(1). At sentencing scheduled for May 14, 2021, the court shall impose sentence accordingly.

SO ORDERED, this the 23rd day of March, 2021.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge