UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-153-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AUSTIN KYLE LEE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's motion for return of property seized incident to his arrest on February 2, 2018, to wit: (1) a silver iPhone, (2) a red iPhone, (3) a black wallet with identification cards, and (4) a Sony video recorder. [DE-322]. The Government did not respond to the motion, and the time to do so has expired.

Fed. R. Crim. P. 41(g) provides, in relevant part, that:

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion under Rule 41(g) should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for property as evidence continues." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).

Defendant previously moved for return of the two iPhones, along with other property, [DE-200], and the Government objected that the iPhones had ongoing evidentiary value because criminal proceedings were ongoing at that time, [DE-202] at 3. Defendant has subsequently

exhausted his appeals and his petition for a writ of certiorari from the Supreme Court was denied. [DE-291]. The silver and red iPhones and the Sony video recorder are listed on the February 2, 2018 incident report and the Government has not filed a response objecting to the return of these items. The black wallet with identification cards, however, does not appear among the items listed on the report. Defendant has designated Briszette Anderson to receive the property on his behalf where he remains incarcerated. Accordingly, the motion is allowed in part, and the court orders the return of Defendant's silver and red iPhones and the Sony video recorder seized incident to arrest on February 2, 2018, consistent with the policies and requirements of the agency in possession of these items.

SO ORDERED, this the **24** day of March, 2026.

Robert B. Jones, Jr.,
United States Magistrate Judge

2